**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| AMERICAN PATENTS LLC, | |
| *Plaintiff*, | |
| v. | Civil Action No. 6:21−cv−01336−ADA |
| TELIT COMMUNICATIONS PLC AND TELIT WIRELESS SOLUTIONS HONG KONG LIMITED, | |
| *Defendants*. | |

**DEFENDANTS, TELIT COMMUNICATIONS PLC'S AND TELIT WIRELESS SOLUTIONS HONG KONG LIMITED'S MOTION TO DISMISS, PURSUANT TO FED. R. CIV. P. 12(B)(2), OR IN THE ALTERNATIVE, PURSUANT TO 12(B)(6) FOR FAILURE TO STATE A CLAIM OF DIRECT, INDIRECT OR WILLFUL INFRINGEMENT**

DAVID N. DEACONSON
TEXAS BAR CARD No. 05673400
DEACONSON@PAKISLAW.COM

PAKIS, GIOTES, PAGE & BURLESON, P.C.
P.O. BOX 58
WACO, TEXAS 76703-00058
(254) 297-7300
(254) 297-7301 *FACSIMILE*

*Attorneys for Telit Communications PLC and Telit Wireless Solutions Hong Kong Limited*

OF COUNSEL (*Pro hac vice* petitions to be filed):
David A. Loewenstein
Guy Yonay
Clyde A. Shuman
Kyle Auteri
Sarah Benowich
PEARL COHEN ZEDEK LATZER BARATZ LLP
7 Times Square, 19th Floor
New York, NY 10036

(646) 878-0800
DLoewenstein@PearlCohen.com
GYonay@PearlCohen.com
CShuman@PearlCohen.com
KAuteri@PearlCohen.com
SBenowich@PearlCohen.com

## <u>Table of Contents</u>

<u>Page</u>

I.     THE PARTIES ................................................................................................... 3

    A.    Telit UK ................................................................................................ 3

    B.    Telit HK ................................................................................................ 4

    C.    American Patents ................................................................................... 4

II.    THE COMPLAINT'S CONCLUSORY ALLEGATIONS ................................. 4

III.    ARGUMENT ...................................................................................................... 6

    A.    This Court Does Not Have Personal Jurisdiction Over Telit UK or Telit HK ............ 6

    B.    American Patents Has Made No Plausible Allegation that Telit UK or Telit HK Has Infringed ................................................................................... 11

    C.    American Patents' Willful and Indirect Infringement Claims Should be Dismissed 12

        1.    American Patents Has Not Pled Indirect Infringement Against Telit UK or Telit HK .............................................................................. 14

            (a)    AmPat Has Not Pled Induced Infringement Against Telit UK or Telit HK ............................................................................. 15

            (b)    American Patents Has Not Pled Contributory Infringement by Telit UK or Telit HK ...................................................... 18

        2.    American Patents' Willful Infringement Claim Should be Dismissed ............ 19

IV.    CONCLUSION ................................................................................................. 20

Table of Authorities

Page(s)

**Cases**

*3G Licensing, S.A. v. Lenovo Grp. Ltd.,*
   2019 U.S. Dist. LEXIS 143453 (D. Del. Aug. 22, 2019) ...................................................... 11

*Alpine View Co. v. Atlas Copco AB,*
   205 F.3d 208 (5th Cir. 2000) ............................................................................................... 11

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009) ............................................................................................ 9, 12, 20, 21

*Autogenomics, Inc. v. Oxford Gene Tech. Ltd.,*
   566 F.3d 1012 (Fed. Cir. 2009) ............................................................................................. 7

*Automated Transaction LLC v. New York Cmty.,*
   2013 U.S. Dist. LEXIS 34872 (E.D.N.Y. Mar. 13, 2013) ........................................ 18, 19, 20

*Bell Atlantic Corp. v. Twombly,*
   550 U.S. 544 (2007) ................................................................................................ 10, 20, 21

*Bristol-Myers Squibb Co. v. Superior Court,*
   137 S. Ct. 1773 (2017) ...................................................................................................... 8, 9

*Brunson v. Williams,*
   2022 U.S. Dist. LEXIS 32301 (W.D. Tex. Feb. 24, 2022) ....................................................... 7

*Canales v. Michaux,*
   2019 U.S. Dist. LEXIS 242003 (W.D. Tex. Dec. 9, 2019) .................................................... 12

*DSU Med. Corp. v. JMS Co.,*
   471 F.3d 1293 (Fed. Cir. 2006) ........................................................................................... 20

*Dynamic Data Techs., LLC v. Amlogic Holdings Ltd.,*
   2020 U.S. Dist. LEXIS (D. Del. Jul. 30, 2020) ..................................................................... 26

*EMA Electromechanics, Inc. v. Siemens Corp.,*
   2022 U.S. Dist. LEXIS 76297 (W.D. Tex. Feb. 4, 2022) ...................................................... 12

*Fielding v. Hubert Burda Media, Inc.,*
   415 F.3d 419 (5th Cir. 2005) ................................................................................................. 8

*Global-Tech. Appliances, Inc. v. SEB S.A.,*
   563 U.S. 754 (2011) ...................................................................................................... 17, 20

*Gold v. Ford Motor Co.*,
    852 F. Supp. 2d 535 (D. Del. Apr. 2, 2012)..................................................................... 10

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
    564 U.S. 915 (2011) ....................................................................................................... 9

*In re Bill of Lading*,
    681 F.3d 1323 (Fed. Cir. 2012)............................................................................ 20, 21, 24

*Int'l Shoe Co. v. Washington*,
    326 U.S. 310 (1945) ....................................................................................................... 7

*J. McIntyre Mach., Ltd. v. Nicastro*,
    564 U.S. 873 (2011) ....................................................................................................... 10

*Joao Control & Monitoring Sys., LLC v. Protect Am., Inc.*,
    2015 U.S. Dist. LEXIS 74262 (W.D. Tex. Mar. 24, 2015) .................................... 21

*Kirsch Research & Dev., LLC v. Tarco Specialty Prods., Inc.*,
    2021 U.S. Dist. LEXIS 191685 (W.D. Tex. Oct. 4, 2021) ................................. 17, 25

*Laydon v. Bank of Tokyo-Mitsubishi UFJ, Ltd.*,
    2017 U.S. Dist. LEXIS 38271 (S.D.N.Y. Mar. 10, 2017) ...................................... 14

*M2M Solutions LLC v. Telit Communications PLC*,
    2015 U.S. Dist. LEXIS 102349 (D. Del. Aug. 5, 2015) ................................... passim

*M2M Solutions, Inc v. Motorola Solutions, Inc.*,
    2016 U.S. Dist. LEXIS 872 (D. Del. Jan. 6, 2016)........................................ 3, 5, 22

*Maxchief Invs. Ltd. v. Wok & Pan, Ind., Inc.*,
    909 F.3d 1134 (Fed. Cir. 2018)..................................................................................... 9

*Midwest Energy Emissions Corp. v. Vistra Energy Corp.*,
    2020 U.S. Dist. LEXIS 107329 (D. Del. Jun. 18, 2020)......................................... 23

*Motion Games, LLC v. Nintendo Co.*,
    2014 U.S. Dist. LEXIS 190187 (E.D.  Tex. Mar. 7, 2014) .................................... 24

*Natour v. Bank of Am., N.A.*,
    2021 U.S. Dist. LEXIS 189357 (E.D. Tex. Oct. 1, 2021)........................................ 8

*Neology, Inc. v. Kapsch Trafficcom IVHS, Inc.*,
    2014 U.S. Dist. LEXIS 131568 (D. Del. Sept. 19, 2014) ............................ 17, 23, 24

*NexLearn v. Allen Interactions, Inc.*,
    859 F.3d 1371 (Fed. Cir. 2017).................................................................................... 9

*Patent Harbor, LLC v. DreamWorks Animation SKG, Inc.*,
    2012 U.S. Dist. LEXIS 114199 (E.D. Tex. Jul. 27, 2012) ...................................................... 24

*Pervasive Software Inc. v. Lexware GmbH & Co. KG*,
    688 F.3d 214 (5th Cir. 2012) ...................................................................................... 13

*Sanho Corp. v. Kaijet Tech. Int'l Ltd., Inc.*,
    2021 U.S. Dist. LEXIS 108318 (N.D. Ga. Jun. 9, 2021) .................................................. 12

*Stapleton v. Canadian Nat'l Ry. Co.*,
    2021 U.S. Dist. LEXIS 252971 (S.D. Miss. Mar. 31, 2021) ...................................... 6, 7, 8, 12

*TI Group Auto Sys. (N. Am.) v. VDO N. Am. L.L.C.*,
    2002 U.S. Dist. LEXIS 4671 (D. Del. Mar. 7, 2002) .......................................................... 24

*Tip Sys., LLC v. SBC Operations, Inc.*,
    536 F. Supp. 2d 745 (S.D. Tex. Jan. 10, 2008) ........................................................ 14

*USC IP P'ship, L.P. v. Facebook, Inc.*,
    2021 U.S. Dist. LEXIS 137424 (W.D. Tex. July 23, 2021) ........................................ 17, 18, 25

*Vita-Mix Corp. v. Basic Holding, Inc.*,
    581 F.3d 1317 (Fed. Cir. 2009) .................................................................................... 16

*Walden v. Fiore*,
    571 U.S. 277 (2014) .................................................................................................... 12

*Wilkens v. Toyotetsu Am., Inc.*,
    2010 U.S. Dist. LEXIS 87394 (W.D. Tex. Aug. 25, 2010) .................................................. 13

## **Rules**

Fed. R. Civ. P. 12(b)(6) ...................................................................................................... 14

Fed. R. Civ. P. 4(k)(2) ................................................................................................ 12, 13

American Patents LLC ("AmPat") brought this action alleging that defendants Telit Communications PLC ("Telit UK") and Telit Wireless Solutions Hong Kong Limited ("Telit HK") infringed U.S. Patent Nos. 7,088,782 ("the '782 Patent"), 7,310,304 ("the '304 Patent") and 7,706,458 ("the '458 Patent") ("the Asserted Patents").

This Court lacks personal jurisdiction over both Telit UK, a UK company, and Telit HK, a Hong Kong company. Neither has contacts with Texas, nor any of the other indicia of personal jurisdiction; neither: has employees, offices, bank accounts, or owns real estate in Texas. Neither has made, used, sold or offered to sell any product in Texas. Telit HK does not manufacture products, and does not ship any products into the U.S. It has no Texas contacts.

AmPat's Complaint only makes conclusory allegations otherwise. (Complaint, at ¶10).

This case should not have been brought against these parties, and certainly should not have been brought in Texas. Telit UK did not manufacture products; and, other than sample modules shipped to its subsidiary in North Carolina, and one sale to Florida, Telit UK did not sell any products in the U.S. It has no Texas contacts.

Telit UK and Telit HK, therefore, move to dismiss this action for lack of personal jurisdiction.

In addition, Telit UK and Telit HK move to dismiss claims of direct infringement because the Complaint does not identify any acts specific to either Telit UK or Telit HK. Rather, as a uniform error, AmPat has "lumped" the two Telit entities into a single entity it calls "Telit." As explained below, that defect alone is sufficient to dismiss the Complaint.

The same problem exists regarding alleged indirect infringement. There is no legally cognizable pre-suit knowledge of the Asserted Patents, nor does the Complaint identify any act specific to Telit UK or Telit HK concerning that claim. Nothing in the Complaint states that

either Telit UK or Telit HK specifically intended that any U.S. customer do anything.  For these reasons, Telit UK and Telit HK also move (in the alternative) to dismiss those claims.

The willful infringement claim, made against "Telit," has the same defects. There is no plausible fact-based pleading suggesting Telit UK or Telit HK knew that they infringed, that either Telit entity intentionally avoided learning about relevant information, or that either Telit entity intended to infringe.  There also is no fact-based allegation that either Telit entity subjectively believed the Asserted Patents were infringed.  Likewise, there is no fact-based allegation that either Telit UK or Telit HK engaged in any conduct that rises to the level of culpability necessary for an award of enhanced damages.

Had AmPat investigated, it would have learned the United States District Court for the District of Delaware has dismissed similar patent infringement claims against Telit UK – *twice*. In *M2M Solutions LLC v. Telit Communications PLC*, 2015 U.S. Dist. LEXIS 102349, at *6, *14 (D. Del. Aug. 5, 2015) ("*M2M-2015*"), the Court granted Telit UK's motion to dismiss claims of direct infringement, induced and contributory infringement for failure to state a claim because plaintiff "lump[ed]" different Telit entities (including Telit UK) together.  The Court held that failure to "identify which particular defendant or defendants are responsible for which allegedly infringing products, process or method" required dismissal of the direct infringement claim. *Id*., at *7.  The Court further held that by "[r]eferring to both Defendants under one single term, Plaintiff has not pled a plausible inducement claim against" Telit UK.  *Id*., at *13; the Court dismissed the contributory infringement claim for the same reason.  *Id.,* at *14

In a related case, after the close of discovery, the Court granted summary judgment dismissing infringement claims against Telit-UK.  *M2M Solutions, Inc v. Motorola Solutions,*

*Inc.,* 2016 U.S. Dist. LEXIS 872 (D. Del. Jan. 6, 2016) ("*M2M-2016*")[1] The same is true here concerning the induced and contributory infringement claims.

## I.     THE PARTIES

### A.     Telit UK

As the result of a corporate restructuring, Telit UK was renamed Telit Communications Ltd., and was re-registered as a private company, effective September 2021.  (Ben Ezer Dec. ¶5).[2]  Telit UK was headquartered in London and was incorporated in the United Kingdom. (*Id.,* ¶6; *see also* Complaint, ¶2).

Telit UK did not manufacture any product. (*Id.*, ¶7).  It did not have any employees, offices, bank accounts or agent for service, and does not own any real estate in Texas, or elsewhere in the U.S. (*Id.*, ¶8).

There is a Telit company in North Carolina, Telit IoT Solutions, Inc. (formerly Telit Wireless Solutions, Inc.) that is responsible for sales in the U.S., which is a subsidiary of Telit IoT Limited. (*Id.,* ¶9).  For whatever reason, AmPat has decided not to sue that U.S. company.

From January 2016 until September 2021, Telit UK sold a few sample products to its subsidiary Telit Wireless Solutions, Inc., in North Carolina, and in 2016 made a single shipment of some modules to a customer in Florida. (*Id.*, ¶10). Together those sales represented less than 0.02% of Telit Wireless Solutions, Inc.'s U.S. sales during that period. (*Id.*, ¶11).

Other than the shipments described above, Telit UK did not sell, offer for sale, or import any products in, or into, the U.S. (*Id.*, ¶12).

---

[1]     Copies of both *M2M* decisions are attached as Exhibit A to the Declaration of Sarah Benowich accompanying this brief.

[2]     "Ben Ezer Dec." refers to the Declaration of Lior Ben Ezer accompanying this brief.

For completeness, Telit Ltd., which has not been named, has not shipped any products into the U.S.  (*Id.,* ¶13).

### B.   Telit HK

Telit HK is a Hong Kong business, incorporated in Hong Kong. (Complaint, ¶3; *see also* Leung Dec. ¶4).[3]

Telit HK does not manufacture any product. (Leung Dec. ¶5).  It does not have any employees, offices, bank accounts or agent for service, and does not own any real estate in Texas, or elsewhere in the U.S. (*Id*. ¶6).

Telit HK has not, and does not, import or export any product in or into the U.S. (*Id*. ¶7).

Telit HK has no distributors in the U.S. (*Id*. ¶8).  Telit HK does not offer to sell, ship or use any product in or into the U.S., and has not in the past. (*Id*. ¶9).

### C.   American Patents

According to the Complaint, AmPat is a Texas limited liability company with its principal place of business in Tyler, Texas. (Complaint, at ¶1).  On information and belief, AmPat does not sell competing products.

## II.   THE COMPLAINT'S CONCLUSORY ALLEGATIONS

The Complaint alleges throughout that Telit UK and Telit HK, referred to *collectively* as "Telit" or "the Telit Defendants", "lead and are part of one of the largest manufacturers of LTE

---

[3] "Leung Dec." refers to the Declaration of Kit Ching Leung accompanying this brief.

and routers and devices, including the Telit brand." (See Complaint, at ¶4).  However, simply being a "brand," does not make either susceptible to personal jurisdiction – anywhere.[4]

The Complaint's other allegations are similarly flawed.  They are conclusory, make allegations that Telit UK and Telit HK *collectively* as "the Telit Defendants," "and their affiliates":

- "are part of the same corporate structure and distribution chain for the making, importing, offering to sell, selling, and using of the accused devices in the United States." (*Id*., at ¶5);

- "share the same management, common ownership, advertising platforms, facilities, distribution chains and platforms." (*Id*., at ¶6); and

- "operate as a unitary business venture." (*Id*., at ¶8).

However, AmPat does not plead any *facts* supporting these conclusory allegations.  Even assuming the assertion that the companies "are part of the same corporate structure" (whatever that might mean) were true, (and all multinational companies are arguably "part of the same corporate structure") – that does not satisfy the constitutional requirements for personal jurisdiction. (See *infra* at 10-11).

AmPat does not allege an "alter ego" or agency relationship between Telit UK and Telit HK and any other party, and it has not attempted to "pierce the corporate veil" (nor could it). Apart from conclusory allegations (*e.g.,* Complaint, at ¶4, "lead and are part of"), there are no

---

[4]  *M2M-2016* at *86 ("The general informational statements Plaintiff points to from the Telit website, *regarding branding and suggestions that Telit is a single entity, do not come close to establishing the exceptional circumstances required for this Court to disregard the separate corporate form between PLC and Telit U.S.*")(Emphasis added throughout unless otherwise stated); *see also Stapleton v. Canadian Nat'l Ry. Co.*, 2021 U.S. Dist. LEXIS 252971 at *14-15 (S.D. Miss. Mar. 31, 2021) ("That a parent and subsidiary use the same logo does not mean the parent does business in every state that its subsidiary does").

fact-based allegations concerning the relationship between Telit UK and Telit HK, or between them and any other entity.

The Complaint does not *specifically* refer to Telit UK **or** Telit HK individually except to identify their principal places of business and to make conclusory allegations concerning personal jurisdiction and venue. (Complaint, at ¶¶2, 3, 10-12).

As discussed below, although the Complaint makes conclusory allegations that "Telit," *inter alia*, "has infringed" (*e.g.*, Complaint, at ¶¶20, 35, 48, and 67), there is no fact-based allegation that either Telit UK or Telit HK performs any of these acts, or of what role each plays in the alleged infringement.

## III.   ARGUMENT

### A.   This Court Does Not Have Personal Jurisdiction Over Telit UK or Telit HK

As set forth above, neither Telit UK nor Telit HK has any contacts with Texas, and does not have minimum contacts with the State, an absolute prerequisite to personal jurisdiction. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1018-19 (Fed. Cir. 2009).

"When a nonresident defendant moves to dismiss a lawsuit for lack of personal jurisdiction, it is the plaintiff who has the burden of demonstrating that the district court has jurisdiction over that defendant." *Stapleton v. Canadian Nat'l Ry. Co.*, 2017 U.S. Dist. LEXIS 252971, at *2 (S.D. Miss. Mar. 31, 2021)[5]. A plaintiff must "'present[] factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts.'" *Stapleton*,

---

[5] *Accord, Brunson v. Williams*, 2022 U.S. Dist. LEXIS 32301, at *11 (W.D. Tex. Feb. 24, 2022) (holding plaintiff did not establish prima facie jurisdiction over individual defendants). *See also, Natour v. Bank of Am., N.A.*, 2021 U.S. Dist. LEXIS 189357, at *11 (E.D. Tex. Oct. 1, 2021) ("Because Plaintiffs have not satisfied their burden of making a prima facie showing of general or specific jurisdiction over Requejo, the Court cannot constitutionally exercise personal jurisdiction over Requejo.")

2021 U.S. Dist. LEXIS 252971, at *16 (dismissing for lack of personal jurisdiction) (quoting

*Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005)).

Although neither named Telit entity has any connection to Texas, AmPat makes the

conclusory assertion that this Court has specific personal jurisdiction over "Telit."  (Complaint,

at ¶10).  But that is insufficient (even assuming a combined "Telit" entity existed):

> Specific jurisdiction is very different.  In order for a state court to
> exercise specific jurisdiction, "the suit" must "arise out of or relate
> to the defendant's contacts with the forum."

*Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1780 (2017) (internal quotations

omitted).  In other words, it is inadequate to make a global allegation about arbitrarily grouped

companies simply because they share the same name (brand).  The Court looks to the contacts of

the specific entity being sued.  (*Infra*, at 9).

In *NexLearn v. Allen Interactions, Inc.*, 859 F.3d 1371, 1376 (Fed. Cir. 2017), the Federal

Circuit held:

> To determine whether specific jurisdiction exists we apply a three-
> part test, in which we determine whether: (1) the defendant
> purposefully directed its activities to the forum State; (2) the
> claims arise out of or relate to those activities (collectively, the
> minimum contacts prong); and (3) the assertion of jurisdiction is
> reasonable and fair.

*See also Maxchief Invs. Ltd. v. Wok & Pan, Ind., Inc.,* 909 F.3d 1134, 1138 (Fed. Cir. 2018)

(citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011) and *Bristol-*

*Myers*, 137 S. Ct. at 1780).

Neither Telit UK nor Telit HK has contacts with Texas, because neither "purposefully

directed [] conduct at the forum," nor does AmPat's claim "arise out of or relate to [their (non-

existent)] activities" within the forum.  In no event can it be called "fair" to sue in Texas a Hong

Kong company that has shipped no product into the US, or a UK company that shipped a handful of products to other States.  "Specific personal jurisdiction," therefore, cannot exist.

In addition, the Supreme Court made it plain in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), that "'formulaic recitation [in a complaint] of the elements of a cause of action will not do'"; "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  "A Court is not obligated to accept as true 'bald assertions,' 'unsupported conclusions and unwarranted inferences,' or allegations that are 'self-evidently false.'"  *Gold v. Ford Motor Co.*, 852 F. Supp. 2d 535, 539 (D. Del. Apr. 2, 2012).

Nevertheless, without alleging any supporting facts, AmPat attempts to allege a theory of personal jurisdiction (*e.g.*, Complaint, at ¶67: "Telit has at least a significant role in placing the accused products in the stream of commerce in Texas and elsewhere in the United States.").  However:

> the stream-of-commerce metaphor cannot supersede either the mandate of the Due Process Clause or the limits on judicial authority that Clause ensures.

*J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 886 (2011).

> The stream of commerce theory (which rests on a "specific rather than general jurisdiction rationale"), has two requirements. Plaintiff must show that "(1) 'there is an intent or purpose on the part of the [defendant] to serve the Delaware market,' and (2) that 'intent or purpose . . . results in the introduction of the product to [Delaware] and plaintiff's cause of action arises from injuries caused by that product.'"

*3G Licensing, S.A. v. Lenovo Grp. Ltd.,* 2019 U.S. Dist. LEXIS 143453, at *11  (D. Del. Aug. 22, 2019) (alterations in original), R&R adopted, 2019 U.S. Dist. LEXIS 225793 (D. Del. Sept. 19, 2019) (Stark, J.).  The Fifth Circuit agrees that the stream of commerce theory is a species of specific jurisdiction.  *See, e.g., Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 215-17 (5th

Cir. 2000).  There is no allegation (even a conclusory one) that any Telit entity had the "intent or purpose" to serve the Texas market.

Because there is no specific jurisdiction, the "stream of commerce" theory cannot apply.

Recognizing its jurisdictional allegations are insufficient, AmPat hedges its bets and makes conclusory assertions of personal jurisdiction pursuant to the Texas long-arm statute (Complaint, at ¶10):

> This Court has personal jurisdiction over **Telit** pursuant to due process and/or the Texas Long Arm Statute because, inter alia, (i) **Telit** has done and continues to do business in Texas; and (ii) **Telit** has committed and continues to commit acts of patent infringement in the State of Texas, including making, using, offering to sell, and/or selling accused products in Texas, and/or importing accused products into Texas, including by Internet sales and sales via retail and wholesale stores, inducing others to commit acts of patent infringement in Texas, and/or committing a least a portion of any other infringements alleged herein.

There is no allegation in the Complaint that either of Telit UK or Telit HK, rather than the collective "Telit," engaged in the activities in (i) or (ii).  There simply cannot be factual support for that claim.

In *Sanho Corp. v. Kaijet Tech. Int'l Ltd., Inc.*, 2021 U.S. Dist. LEXIS 108318, at *15 (N.D. Ga. Jun. 9, 2021), the Court dismissed a similarly defective complaint, holding (emphasis added):

> Absent is a single non-conclusory factual allegation plausibly stating that MCT has even the most basic connection to, or contact with, Georgia.  See *Iqbal*, 556 U.S. at 681 (conclusory allegations are "not entitled to be assumed true"). *This violates the fundamental tenet that the jurisdictional contacts of each defendant be evaluated separately. Walden v. Fiore*, 571 U.S. 277, 283 [] (2014). Sanho's group-pleading style obfuscates the Court's ability to do so here.

Moreover, AmPat's rank conclusory statements that contradict sworn declarations do not create personal jurisdiction.  *Canales v. Michaux,* 2019 U.S. Dist. LEXIS 242003, at *10-11 (W.D. Tex. Dec. 9, 2019); *see also Stapleton,* 2021 U.S. Dist. LEXIS 252971, at *14; *EMA*

*Electromechanics, Inc. v. Siemens Corp.*, 2022 U.S. Dist. LEXIS 76297, at *16-17 (W.D. Tex. Feb. 4, 2022).

AmPat recognizes its long-arm argument is ineffective also and tries an "alternative" argument pursuant to Fed. R. Civ. P. 4(k)(2) (see Complaint, at ¶10):

> In the alternative, Telit Communications PLC and Telit Wireless Solutions Hong Kong Limited are subject to this Court's specific personal jurisdiction consistent with the principles of due process and the Federal Long-Arm Statute of Fed. R. Civ. P. 4(k)(2) because: (1) they have substantial contacts with the United States and committed and/or induced acts of patent infringement in the United States; and (2) they are not subject to jurisdiction in any state's courts of general jurisdiction.

This assertion is no better.  There is no *factual* allegation (apart from the conclusory allegation quoted above) that either Telit UK *or* Telit HK "has substantial contacts with the United States" or that either "committed and/or induced acts of patent infringement in the United States."  In any case, Rule 4(k)(2) does not apply because section (B) requires that "exercising jurisdiction is consistent with the United States Constitution and laws."  As explained above, specific personal jurisdiction does not exist; and exercising it would be inconsistent with the Constitution.  *See also Pervasive Software Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 221 (5th Cir. 2012).

AmPat also does not plead any *facts* showing that Telit UK and Telit HK "are part of the same corporate structure and distribution chain," "share the same management, common ownership, advertising platforms, facilities, distribution chains and platforms," or "operate as a unitary business venture."  (Complaint, at ¶6).  This type of conclusory pleading is insufficient. *Wilkens v. Toyotetsu Am., Inc.*, 2010 U.S. Dist. LEXIS 87394, at *12-13 (W.D. Tex. Aug. 25, 2010) ("Plaintiffs fail to plead enough underlying facts to support their conclusory claims of interrelated operations, common ownership, common financial control, operation under common management and centralized control over labor relations.") (citations omitted) (granting motion

to dismiss under Fed. R. Civ. P. 12(b)(6)).  In any case, "[a]llegations of common ownership, without more, are insufficient to establish jurisdiction through an alter ego theory."  *Laydon v. Bank of Tokyo-Mitsubishi UFJ, Ltd.*, 2017 U.S. Dist. LEXIS 38271, at *25 (S.D.N.Y. Mar. 10, 2017) (citations omitted); *Tip Sys., LLC v. SBC Operations, Inc.*, 536 F. Supp. 2d 745, 753-54 (S.D. Tex. Jan. 10, 2008)  ("[A] court 'must start from the general rule that the corporate entity should be recognized and upheld, unless specific unusual circumstances call for an exception.") (dismissing infringement claims against a parent)

Therefore, even if Telit HK and Telit UK were a "unitary business venture" (and assuming that term had some legally cognizable meaning), that still does not establish specific jurisdiction over both entities in Texas – or anywhere else.

Similarly, AmPat's factually unsupported allegations that, inter alia: (i) "*Telit* directs or controls the making of accused products and their shipment to the United States, using established distribution channels…." (Complaint, at ¶68); (ii) "*Telit* directs or controls the sale of the accused products into established United States distribution channels…" (*Id*., at ¶69); and (iii) "*Telit* directs or controls the sale of the accused products nationwide through its own websites as well as through nationwide distributors and retailers…" (*Id*., at ¶71) do not indicate which of Telit UK **or** Telit HK allegedly does this, and fails to satisfy the necessary tests cited above to establish personal jurisdiction in Texas.

### B.    American Patents Has Made No Plausible Allegation that Telit UK or Telit HK Has Infringed

In *M2M-2015*, at *7, the Court held very similar allegations against Telit UK were defective, and dismissed the complaint; this despite having Telit UK's U.S. subsidiary named as a party:

> Plaintiff's decision to lump two defendants [*i.e.,* Telit UK and its
> U.S. subsidiary] together in addressing its direct infringement

> claim cannot pass muster under Form 18 ... Indeed, Plaintiff's
> complaint does not identify which particular defendant or
> defendants are responsible for which allegedly infringing products,
> process or method.  Failing to satisfy Form 18, Plaintiff's direct
> infringement claim must be dismissed.

AmPat's Complaint suffers from the same defects: it "lump[s]" two separate legal entities together, one from Hong Kong, the other from the UK, as "Telit," and alleges that "Telit" directly infringed; for example:

- "*Telit* used products and/or systems…" (Complaint, at ¶18);

- "*Telit* has infringed the '782 Patent…" (*Id*., at ¶20; *see also* at ¶¶35, 48);

- "The methods practiced by *Telit's* use of the accused products include…" (*Id*., at ¶21; *see also* ¶¶22-26);

- "*Telit* made, had made, used, imported …" (*Id*., at ¶33; *see also* at ¶46);

- "By doing so, *Telit* has directly infringed…at least Claim [X of an asserted patent]." (*Id*., at ¶¶19, 34 and 47).

However, there is no fact-based allegation that either Telit UK or Telit HK performs any of these acts. Indeed, there is no explanation of what role either Telit UK or Telit HK supposedly plays in the alleged infringement, making the complaint defective.  *M2M-2015*, at *7.

### C.   American Patents' Willful and Indirect Infringement Claims Should be Dismissed

The same "lump[ing]" defect discussed above exists for the indirect and willful infringement claims.

In *M2M-2015,* the Court dismissed indirect infringement claims against Telit UK, holding (at *13-14):

> [T]he complaint suffers from yet another defect: fusing the two
> Defendants as one is also problematic for Plaintiff's indirect
> infringement claims against Telit-UK … Referring to both

> Defendants under one single term, Plaintiff has not pled a plausible
> inducement claim against Telit UK as a result.
>
> &ast;&ast;&ast;
>
> Plaintiff, once again, bases its contributory infringement claim
> against Telit US and Telit UK under the umbrella term "Telit" on
> Telit UK's "public representation that, *inter alia*, Telit UK
> operates as a single global company with offices and facilities
> under its direction and control in the United States." … Plaintiff's
> argument is similar to its reasoning behind lumping Telit US and
> Telit UK together in the direct and induced infringement claims.
> The contributory claim thus also is insufficiently stated and must
> be dismissed.

Indirect and willful infringement require the defendant to have knowledge of the asserted

patents prior to the complaint, or that it acted with "willful blindness" to the alleged

infringement.  *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009); *USC

IP P'ship, L.P. v. Facebook, Inc.*, 2021 U.S. Dist. LEXIS 137424, at *2-3 (W.D. Tex. July 23,

2021); *see also Global-Tech. Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 765-66 (2011)

(knowledge of the patent is a prerequisite of both induced and contributory infringement).

Willful blindness requires a party to believe there was a high probability that the acts constituted

infringement and to take deliberate steps to avoid learning of it.  *Global-Tech.* at 769; *Neology,

Inc. v. Kapsch Trafficcom IVHS, Inc.*, 2014 U.S. Dist. LEXIS 131568, at *14-15 (D. Del. Sept.

19, 2014), R&R *adopted,* (Oct. 22, 2014) (only a "passing reference"); *Kirsch Research & Dev.,

LLC v. Tarco Specialty Prods., Inc.*, 2021 U.S. Dist. LEXIS 191685, at *6 (W.D. Tex. Oct. 4,

2021) (dismissing induced and willful infringement claims without prejudice: "A plaintiff who

relies on willful blindness to plead knowledge must identify in its complaint affirmative actions

taken by the defendant to avoid gaining actual knowledge of the patent to escape dismissal.")

The Complaint does not allege willful blindness with any degree of specificity.  AmPat's

conclusory allegation fail that requirement: "Telit … has been willfully blind of American

Patents' patent rights" (Complaint, at ¶82), is insufficient as a matter of law, as is its allegation

that "Telit's direct and indirect infringement...has been…in conscious disregard of American

Patents' rights ..." (*Id.* at ¶87).

Nowhere does AmPat identify any fact suggesting that either Telit entity deliberately

avoided learning anything.  AmPat's undifferentiated and conclusory pleading, therefore, are

defective and should be dismissed.

In addition to the failure to plead willful blindness, AmPat alleges only that its fused

entity, "*Telit*[,] has had actual knowledge of the '782 Patent at least as of the date when it was

notified of the filing of this action." (Complaint at ¶27; *see also* ¶¶40 and 56).  Accordingly, as a

threshold matter, at a minimum, claims for indirect or willful infringement allegedly occurring

before the Complaint was filed, must be dismissed as a matter of law.  *USC IP P'ship, L.P. v.

Facebook, Inc.*, 2021 U.S. Dist. LEXIS 137424, at *6-7 (W.D. Tex. July 23, 2021) (dismissing

claims for pre-suit indirect and willful infringement; plaintiff alleged knowledge of patents as of

filing of complaint).

AmPat's "group pleading" of indirect and willful infringement defect is sufficient on its

own to dismiss the complaint.  *M2M-2015* at *13-14; *Automated Transaction LLC v. New York

Cmty.,* 2013 U.S. Dist. LEXIS 34872 at *12-16 (E.D.N.Y. Mar. 13, 2013) ("group pleading"

requires dismissal of direct, indirect and willful infringement claims).

### 1. American Patents Has Not Pled Indirect Infringement Against Telit UK or Telit HK

AmPat's practice of "lump[ing]" together separate Telit entities into an indistinguishable,

"Telit," infects its allegations of indirect infringement, making those allegations similarly

defective.  All indirect infringement allegations suffer from the same problem; for example:

- "*Telit* has had actual knowledge of the [asserted patent] ..." (Complaint, at ¶27, *see
  also* ¶¶40 and 56);

- "*Telit* has also indirectly infringed the [Asserted Patent] by inducing others to directly infringe the [Asserted Patent]. *Telit* has induced the end-users, *Telit's* customers, to directly infringe…" (*Id.*, at ¶61, *see also* ¶77);

- "*Telit* took active steps, directly and/or through contractual relationships with others, with the specific intent to cause them to use the accused products in a manner that infringes one or more claims of the patents-in-suit…" (*Id.*, at ¶62; *see also* ¶¶64-65);

- "*Telit* has also induced its affiliates, or third-party manufacturers, shippers, distributors, retailers, or other persons acting on its or its affiliates' behalf, to directly infringe the [Asserted Patent] by importing, selling, offering to sell, and/or using the accused products." (*Id.*, at ¶¶66; *see also* 68-75); and

- "*Telit's* customers have infringed the [Asserted Patent]." (*Id.*, at ¶85; *see also* ¶86).

These conclusory, allegations that combine separate legal entities are insufficient to plead indirect patent infringement. *M2M-2015*, at *7, *13-14; *Automated Transaction,* 2013 U.S. Dist. LEXIS 34872 at *12 ("Defendants argue this 'group pleading'-- *i.e.*, referring to both Defendants collectively as "Community' rather than distinguishing between them--is impermissible and insufficient under both Form 18 and Rule 8. The Court agrees."), *see also* *13-16.

### (a)      AmPat Has Not Pled Induced Infringement Against Telit UK or Telit HK

A pleading of induced infringement must aver a party had "knowledge that the induced acts constitute patent infringement." *Global Tech*, at 766.  This necessarily requires the party to have knowledge of the patent, and that it "knew or should have known [its] actions would induce actual infringement." *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006) (en banc in relevant part).  For inducement, a plaintiff must assert "culpable conduct, directed to

encourage another's infringement, not merely that the inducer had knowledge of the direct infringer's activities." *Id*.

Further, a Court must apply *Twombly* and *Iqbal* in determining whether the requisite knowledge and specific intent have been properly pled.  *In re Bill of Lading*, 681 F.3d 1323, 1336-37 (Fed. Cir. 2012). "To properly state a claim for induced infringement, a complaint must plead facts that plausibly show that the defendant has specific intent to cause another party's direct infringement and knew that the other party's acts constituted infringement." *Joao Control & Monitoring Sys., LLC v. Protect Am., Inc.*, 2015 U.S. Dist. LEXIS 74262, at *13 (W.D. Tex. Mar. 24, 2015) citing *Bill of Lading* at 1399 (dismissing claims for indirect infringement) (concluding (at *14) plaintiff's "claims for indirect infringement are so conclusorily pleaded that they do not rise to the level of plausibility required by *Twombly* and *Iqbal*… Joao consistently substitutes conclusory statements for facts which could support plausible allegations.").

AmPat's allegations relating to induced infringement lack anything resembling the requisite "facts 'plausibly showing'" specific intent and knowledge by either Telit entity.

AmPat's allegation "Telit took active steps, directly and/or through contractual relationships with others," merely compounds the vagueness. (Complaint, at ¶62).  There is no indication which Telit entity took these "active steps," and there is no hint of who the "others" might be.  Similarly, there is no factual support for the "kitchen sink" allegation identifying the "affiliates, or third-party manufacturers, shippers, distributors, retailers, or other persons acting on its ["Telit's"] or its ["Telit's"] affiliates' behalf," nor any attempt to say what any particular "affiliate[ ], or third-party manufacturer[ ], shipper[ ], distributor[ ], retailer[ ], or other person[ ]" might have done.  This includes the absence of any specific factual allegation about which "affiliate," etc., supposedly is responsible for "importing, selling, offering to sell …" (*Id*., ¶66).

Fact-free allegations that "Telit directs or controls": (a) "the making of accused products and their shipment to the United States," (*id*., at ¶68); (b) "the sale of the accused products into established United States distribution channels," (*id*., at ¶69); and (c) "the sale of the accused products nationwide through its own websites as well as through nationwide distributors and retailers," (*id*., at ¶71), are, as the cases cited above hold, inadequate.  In *M2M-2016*, at *86 the Court rejected a similar web-based infringement argument.

AmPat's remaining inducement allegation, that "Telit," "among other things, mak[es] or sell[s] the accused products outside of the United States for importation into or sale in the United States, or know[s] that such importation or sale would occur; and direct[s], facilitate[es], or influenc[es] its affiliates, or third-party manufacturers, shippers, distributors, retailers, or other persons acting on its or their behalf, to import, sell, or offer to sell the accused products in an infringing manner," (*Id*., at ¶73) leaves Telit UK and Telit HK, as well as this Court, to speculate at what exactly is being alleged against each defendant.  Is "Telit" (Telit UK or Telit HK, or both?) being accused of: (i) making the accused products, *or* (ii) selling them for importation, *or* (iii) knowing that such importation will occur?  In addition, is "*Telit*" also being accused of: (iv) directing *or* (v) facilitating, *or* (vi) *influencing* some selection of undefined "affiliates, third-party …. *or other persons* acting on its or their behalf," to import, sell, or offer to sell the accused products in an infringing manner?  And what are the "other things"?  Who are the "other persons" allegedly acting on "Telit's" behalf?  What is meant by "influencing"?  Nothing in the Complaint provides clarity.

AmPat's generalized and conclusory allegations fail to distinguish the defendants in any way.  In *Neology,* 2014 U.S. Dist. LEXIS 131568, at *20  (citation omitted), the Court held:

> **Plaintiff's decision to lump all Defendants together when articulating certain of its inducement allegations becomes**

> **particularly problematic here**.  The [Complaint] fails to identify what 'training and instructions' are being referred to in the Counts, or even which particular Defendant or Defendants are said to have disseminated the training or instructional materials at issue. …**Treating these Defendants as one big group for purposes of articulating how each has encouraged the induced infringement at issue says nothing plausible as to what any particular one of them might have done**."

*See also Midwest Energy Emissions Corp. v. Vistra Energy Corp.*, 2020 U.S. Dist. LEXIS 107329, at *12 n.7 (D. Del. Jun. 18, 2020) R&R adopted in relevant part 2021 U.S. Dist. LEXIS 183032 (D. Del. 2021) (affirming dismissal because of "'group pleading'/'lumping'"); *M2M-2015*, at *13-14.  By "lump[ing]" Telit UK and Telit HK together, AmPat has failed to plead adequately induced infringement by either Telit UK or Telit HK.

### (b)   American Patents Has Not Pled Contributory Infringement by Telit UK or Telit HK

As with the allegations of induced infringement, there is no allegation that Telit UK or Telit HK, rather than the collective "Telit," sells, offers to sell, or imports any *component*. *Neology*, at *21-22.  *A fortiori*, neither can be a contributory infringer.  *TI Group Auto Sys. (N. Am.) v. VDO N. Am. L.L.C.*, 2002 U.S. Dist. LEXIS 4671, at *12 (D. Del. Mar. 7, 2002). Likewise, there is no allegation of "*facts* that allow an inference that the [accused products] ... have no substantial non-infringing uses," required to sufficiently plead contributory infringement.  *In re Bill of Lading* at 1338; *Patent Harbor, LLC v. DreamWorks Animation SKG, Inc.*, 2012 U.S. Dist. LEXIS 114199, at *20 (E.D. Tex. Jul. 27, 2012) (dismissing contributory infringement claims where the complaint was "devoid of any allegation from which the Court can plausibly infer that any components being sold have 'no substantial non-infringing uses.'"); *see also Motion Games, LLC v. Nintendo Co.*, 2014 U.S. Dist. LEXIS 190187, at *21-22 (E.D. Tex. Mar. 7, 2014) *adopted by* 2014 U.S. Dist. LEXIS 190186 (E.D. Tex. Mar. 27, 2014).

### 2.     American Patents' Willful Infringement
#### Claim Should be Dismissed

AmPat's allegations relating to alleged willful infringement, overlap with the indirect infringement allegations above; they are all also based on conclusory and impermissible "group pleading":

- "*Telit* has a policy or practice of not reviewing the patents of others (including instructing its employees to not review the patents of others), and thus has been willfully blind of American Patents' patent rights…" (Complaint, at ¶82, citing a 14 year old law review article that does not mention Telit);

- "*Telit's* actions are at least objectively reckless as to the risk of infringing valid patents and this objective risk was either known or should have been known by *Telit*." (*Id*., at ¶83);

- "*Telit* has knowledge of the [Asserted Patent]." (*Id*., at ¶84);

- "*Telit's* direct and indirect infringement of the [Asserted Patent] is, has been, and/or continues to be willful, intentional, deliberate, and/or in conscious disregard of American Patents' rights under the patents." (*Id*., at ¶87; *see also* ¶¶28, 41 and 57).

As discussed above, even if the pleading were directed to a particular entity, it would be conclusory and would fail to allege willful infringement, enhanced damages or "willful blindness" with any factual basis.  There is no plausible fact-based pleading suggesting Telit UK or Telit HK, both foreign companies, knew about the U.S. patents before suit was filed (no letter, no conversation, etc.), nor is there evidence that *either* Telit entity intentionally avoided learning about relevant information, or that *either* entity intended to infringe.  *USC IP*,  2021 U.S. Dist. LEXIS 137424, at *6-7 (rejecting the same "a policy or practice of not reviewing the patents of others" argument);  *Kirsch*, 2021 U.S. Dist. LEXIS 191685, at *5-7.

There also is no fact-based allegation that either separate Telit entity subjectively believed the Asserted Patents were infringed.  Likewise, there is no fact-based allegation that either Telit entity engaged in any conduct that rises to the level of culpability necessary for an enhanced damages award.  *Dynamic Data Techs., LLC v. Amlogic Holdings Ltd.*, 2020 U.S. Dist. LEXIS 134654, at *7-13 (D. Del. Jul. 30, 2020).

## IV.   CONCLUSION

For the foregoing reasons, all claims against Telit UK and Telit HK should be dismissed for lack of personal jurisdiction pursuant to Rule 12(b)(2).  Alternatively, all claims for direct, indirect, and willful infringement should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim on which relief can be granted.

May 27, 2022

By:    */s/ David N. Deaconson*
DAVID N. DEACONSON
TEXAS BAR CARD NO. 05673400
DEACONSON@PAKISLAW.COM

PAKIS, GIOTES, PAGE & BURLESON, P.C.
P.O. BOX 58
WACO, TEXAS 76703-00058
(254) 297-7300
(254) 297-7301 *FACSIMILE*

*Attorneys for Telit Communications PLC and Telit Wireless Solutions Hong Kong Limited*

OF COUNSEL:
David A. Loewenstein (*pro hac vice* to be filed)
Guy Yonay (*pro hac vice* to be filed)
Clyde A. Shuman (*pro hac vice* to be filed)
Kyle Auteri (*pro hac vice* to be filed)
Sarah Benowich (*pro hac vice* to be filed)
PEARL COHEN ZEDEK LATZER BARATZ LLP
7 Times Square, 19th Floor
New York, NY 10036
(646) 878-0800
DLoewenstein@PearlCohen.com
GYonay@PearlCohen.com
CShuman@PearlCohen.com
KAuteri@PearlCohen.com
SBenowich@PearlCohen.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on May 27, 2022 he served a copy of the foregoing:

**DEFENDANTS, TELIT COMMUNICATIONS PLC'S AND TELIT WIRELESS SOLUTIONS HONG KONG LIMITED'S MOTION TO DISMISS, PURSUANT TO FED. R. CIV. P. 12(B)(2), OR IN THE ALTERNATIVE, PURSUANT TO 12(B)(6) FOR FAILURE TO STATE A CLAIM OF DIRECT, INDIRECT OR WILLFUL INFRINGEMENT**

on counsel of record for plaintiff via electronic mail, addressed as follows:

> Matthew J. Antonelli
> matt@ahtlawfirm.com
> Zachariah S. Harrington
> zac@ahtlawfirm.com
> Larry D. Thompson, Jr.
> larry@ahtlawfirm.com
> Christopher Ryan Pinckney
> ryan@ahtlawfirm.com
> ANTONELLI, HARRINGTON
> & THOMPSON LLP
> 4306 Yoakum Blvd., Ste. 450
> Houston, TX 77006
> (713) 581-3000
>
> Stafford Davis
> sdavis@stafforddavisfirm.com
> Catherine Bartles
> cbartles@stafforddavisfirm.com
> THE STAFFORD DAVIS FIRM
> 815 South Broadway Avenue
> Tyler, Texas 75701
> (903) 593-7000
> (903) 705-7369 fax

May 27, 2022                                      */s/ David N. Deaconson*
                                                 David N. Deaconson